UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **WILLIAM S. LYNCH**<br>    **FED. REG. #32206-037** | **CIVIL ACTION NO. 2:10-cv-129** |
| | **SECTION P** |
| **VERSUS** | |
| | **JAMES TRIMBLE** |
| **J. P. YOUNG** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner William S. Lynch, a prisoner in the custody of the Federal Bureau of Prisons (BOP), filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on January 21, 2010. Doc. 1. He is currently incarcerated at the Federal Correctional Institute, Oakdale (FCI-O), Louisiana; however, he complains of incidents that occurred while he was incarcerated at the Federal Correctional Complex, Victorville (FCC-V), California. *Id.* Specifically, petitioner challenges a prison disciplinary proceeding that resulted in his referral for designation to a special management unit (SMU). *Id.*

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 2241 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

*Background*

Petitioner states that on May 18, 2009, he was notified of a hearing for referral to a SMU. The pre-hearing notice filed by petitioner showed that the SMU designation was based on his history of serious and disruptive disciplinary infractions, such as possession of a dangerous weapon, engaging in sexual acts, and possession of drugs. Doc. 1, pp. 8-10.

The hearing was held on May 28, 2009, and petitioner appeared via telephone. *Id.* at p. 12. The hearing administrator found that petitioner met the criteria for designation to a SMU. *Id.* at p. 14. According to petitioner, he was sentenced to a SMU for 18-24 months or longer. Doc. 1, p. 1.

Petitioner claims that he requested staff assistance for the hearing, which assistance was never provided. *Id.* at p. 5. He also states that he did not receive a response to his administrative remedy appeal and that his history was erroneously used when sentencing him to the SMU. *Id.* Petitioner contends that his placement in the SMU subjects him to undue hardships and that similarly situated inmates were not subjected to the same treatment. *Id.* As a result of the above, petitioner claims violations of his due process rights and of BOP regulations. *Id.* at p. 5-6.

## *Law and Analysis*

Petitioner does not specify what relief he seeks but presumably he is asking the Court to order prison authorities to allow him to return to general population. Because petitioner has asserted his claims in a petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 he is entitled to relief only if he establishes that he is in custody in violation of the Constitution or laws of the United States or that he has otherwise been denied some right secured to him by the Constitution or laws of the United States. *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995); *see also* 28 U.S.C. § 2241(c)(3). Nothing in the petition or exhibits suggests that petitioner's custody violates the Constitution or laws of the United States, or that he has otherwise been denied some right secured by the Constitution and laws of the United States.

Prisoners charged with violations of prison disciplinary rules are entitled to certain due process rights but only when the disciplinary action results in a sanction that will impinge upon a liberty interest. Government-created liberty interests protected by the Due Process Clause are generally limited to freedom from restraint imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995).

In *Sandin*, the Court concluded that federal courts reviewing alleged deprivations of due process in this context should consider the nature of the challenged government action and specifically whether it involved a significant departure from normal prison conditions. *Id.* at 2299. Protected "interests are generally limited to . . . regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Applying *Sandin*, the Fifth Circuit has found that "'administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest.'" *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights); *Crowder v. True*, 74 F.3d 812, 814-15 (7th Cir.1996) (federal prisoner's detention for three months in administrative segregation did not constitute a significant, atypical hardship which constituted a deprivation of a liberty interest). The Fifth Circuit has also rejected a prisoner's claim that the additional restrictions imposed on those in administrative segregation violated due process rights. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) ("[A]bsent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.") (internal citations and quotations omitted).

In other words, if the complained of prison disciplinary proceeding did not result in the loss of good-time credits, the prisoner has no liberty interest and his federal *habeas corpus* action is subject to dismissal for failing to state a claim for which relief may be granted. Being placed in disciplinary confinement, losing commissary and property privileges, and remaining at the same time earning class are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 483; *see also Madison*, 104 F.3d at 768 (concluding that imposing thirty days of commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoners confinement

and do not implicate due process concerns).

**THEREFORE, IT IS RECOMMENDED THAT** the petitioner's Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief might be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14)days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. PROC. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 25th day of October, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE